IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DEBORAH C. AGUIRRE and
DARIO E. AGUIRRE,

                Plaintiffs,

v.                                                Civil Action No. 2:12-cv-09240

BOSTON SCIENTIFIC CORPORATION and
C. R. BARD, INC.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

On September 6, 2018, counsel for Deborah C. Aguirre filed a Suggestion of Death suggesting the death of Deborah C. Aguirre during the pendency of this civil action. [ECF No. 39]. On October 18, 2018, counsel for Ms. Aguirre filed a Motion to Withdraw as Counsel because Ms. Aguirre was deceased. [ECF No. 47]. The Motion to Withdraw [ECF No. 47] is **GRANTED.** Plaintiff Dario Aguirre is proceeding *pro se* in this action pursuant to an Order dated December 17, 2014. [ECF No. 15].

Pursuant to Federal Rule of Civil Procedure 25(a) and Pretrial Order ("PTO") # 191 (Requirements for Counsel to Deceased Plaintiffs) filed in In re: Boston Scientific Corp. Pelvic Repair System Products Liab. Litig., 2:12-md-2326 [ECF No. 6406], the time to substitute a proper party for the deceased party has expired and there has been no motion to substitute the deceased party.

### I.    Background

This action resides in one of seven MDLs originally assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical

mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This particular case involves Florida co-plaintiffs, one of whom, Ms. Aguirre, was implanted at the Day Surgery Center in Winter Haven, Florida with the Prefyx PPS System, a mesh product manufactured by Boston Scientific Corporation. Ms. Aguirre was also implanted at the Wuesthoff Memorial Hospital in Melbourne, Florida with the Avaulta Solo Anterior Synthetic Support System and the Avaulta Solo Posterior Synthetic Support System manufactured by C. R. Bard, Inc. Short Form Compl. [ECF No. 1] ¶¶ 1-11. On September 6, 2018, counsel for Ms. Aguirre filed a Suggestion of Death noting that Ms. Aguirre died on or about March 21, 2014. Suggestion of Death [ECF No. 39].

    a. Rule 25

Rule 25 governs the process for substituting or dismissing a case after a plaintiff has died. *See* Fed. R. Civ. P. 25. The rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule also states that, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). The above-mentioned 90-day clock does not begin to run until the decedent's successors or representatives are served with a statement noting death. *See Farris v. Lynchburg,* 769 F.2d 958, 962 (4th Cir. 1985). If

the successor or representative is party to the action, service must be made on the party's attorney. Fed. Civ. P. 5(b)(1).

Whether a claim is extinguished is determined by the substantive law of the jurisdiction in which the cause of action arose. *See Robertson v. Wegmann,* 436 U.S. 584, 587 n.3 (1991) (explaining that a claim is not extinguished if the jurisdiction allows the action to survive a party's death). Traditionally, state statutes expressly state whether a claim survives a deceased party and to whom survivorship is allowed *Id.* at 589. If a case includes multiple plaintiffs, the death of one plaintiff does not cause an abatement of the claims for the remaining parties. *See* Fed. R. civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

### b. PTO # 191

In Pretrial Order ("PTO") # 191, the court required that "[f]or any case in which plaintiff's counsel subsequently learns of the death of his or her client, plaintiff's counsel shall file the suggestion of death within 120 days of counsel's learning of the death." Pretrial Order # 191, p. 3, 2:12-md-2326 [ECF # 6406]. In addition, the court directed that

> within the same 120-day period, plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties as described above, and file proof of such service with the court. The ninety-day substitution period provided by Rule 25(a) will commence upon the filing and proper service of the suggestion of death. In the event that plaintiff's counsel fails to file the suggestion of death and properly serve it on the appropriate nonparties, the ninety-day substitution period will commence 120 days after the entry of this Order or 120 days after counsel's learning of the death of his or her client, whichever is later.

3

*Id.* at 3–4

### c. Choice of Law

If a plaintiff files her claim directly in the MDL in the Southern District of West Virginia, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Aguirre underwent implantation surgery in Florida. Thus, the choice-of-law principles of Florida guide the court's choice-of-law analysis.

In tort actions, Florida adheres to the Restatement (Second) of Conflict of Laws ("Restatement"). *Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999 (Fla.1980). Under section 145 of the Restatement, the court must apply the law of the state with the most "significant relationship to the occurrence and the parties." Here, the plaintiff lived in Florida and the products were implanted in Florida. Thus, I apply Florida's substantive law to this case.

## II. Analysis

The counsel for Ms. Aguirre filed a Suggestion of Death on both August 11, 2015 and again September 6, 2018 noting that Ms. Aguirre died on or about March 21, 2014, during the pendency of this civil action. [ECF Nos. 17 and 39]. The Suggestion of Death was served by U.S. mail upon *pro se* plaintiff Dario E. Aguirre at the address of 14108 Lymestone Court, New Smyrna Beach, Florida 32168 and by

personal service at 1989 State Road 44, New Smyrna Beach, Florida 32168 [ECF Nos. 39 and 46]. Thus, Mr. Aguirre, the decedent's co-plaintiff, was served the Suggestion of Death. Additionally, the docket reflects that Kristopher Erik Howell and Craig Wayne Howell were both served by individual service of the Suggestion of Death. [ECF Nos. 42 and 43]. Pursuant to Rule 25(a)(1) and PTO # 191 the time for substituting any party or non-party for the deceased plaintiff has passed.

Rule 25(a)(1) provides the sole procedural device allowing decedent's successor or representative to step into Ms. Aguirre's shoes and pursue litigation on her behalf. *See* Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative."). Neither Mr. Aguirre or any non-party successor or representative has complied with the substitution requirements of Rule 25(a)(1) within the time requirements as set for in Rule 25(a) and PTO # 191. Accordingly, the court **ORDERS** that the claims of Deborah C. Aguirre are **DISMISSED without prejudice**.

While failure to comply with Rule 25(a)(1) prevents Mr. Aguirre from pursuing claims on Ms. Aguirre's behalf, Rule 25(a)(2) does not prevent Mr. Aguirre from pursuing claims on his own behalf. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties."). In this matter, only Mr. Aguirre's claim for loss of consortium remains. Because Mr. Aguirre's claim for loss of consortium is derivative of Ms. Aguirre's claims, which have now been dismissed, Mr. Aguirre's claim for loss of consortium must be dismissed as well. *Gates v. Foley*, 247 So.2d 40, 45 (Fla. 1971); *ACandS, Inc. v. Redd*, 703 So.2d

492, 493 (Fla. Dist. Ct. App. 1997). Accordingly, the court **ORDERS** that the claim of Dario E. Aguirre is also **DISMISSED without prejudice**.

### III. Conclusion

It is **ORDERED** that the claims of the plaintiffs Deborah C. Aguirre and Dario E. Aguirre are DISMISSED without prejudice pursuant to Rule 25(a)(1) and PTO # 191, and this case is dismissed and stricken from the docket. Plaintiff's counsel's Motion to Withdraw [ECF No. 47] is **GRANTED.** Any remaining pending motions are **DENIED** as moot.

The court DIRECTS the Clerk to send a copy of this Order to counsel of record and to Mr. Aguirre at his address.

ENTER: October 30, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE